# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: August 9, 2019

```
* * * * * * * * * * * * * * * *
LISA KNAPP,                     *        No. 17-764V
                                *
          Petitioner,           *        Special Master Sanders
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *        Decision; Interim Attorneys' Fees
AND HUMAN SERVICES,             *        and Costs; Hourly Rate; Reduction
                                *        of Billable Hours
          Respondent.           *
* * * * * * * * * * * * * * * *
```

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
*Sarah Christina Duncan*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 21, 2018, Lisa Knapp ("Petitioner") filed a motion for interim attorneys' fees and costs ("IAFC"). Pet'r's Mot. for Interim Att'ys' Fees and Costs, ECF No. 75 [hereinafter Pet'r's Mot. for IAFC]. After careful consideration, I have determined to grant this request in part.

### I.  Procedural History

On June 8, 2017, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleges that she suffers from Guillain-Barré syndrome ("GBS") and Chronic Inflammatory Demyelinating

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet**. As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3578, codified as amended, 42 U.S.C. 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). For ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Polyneuropathy ("CDIP") as a result of the influenza ("flu") vaccine she received on December 3, 2014.  Pet. at 1, ECF No. 1.  Over the next seven months, Petitioner filed numerous medical records from her providers, *see* Pet'r's Exs. 1–27, ECF Nos. 9–16, 19–23, 27, 29–30, 32, 34, 41, and a statement of completion on January 26, 2018, ECF No. 43.

On February 13, 2018, Respondent filed a status report in which he stated that he was "interested in pursuing settlement negotiations . . . ."  ECF No. 45.  Petitioner filed a status report on March 15, 2018, stating that she had "begun discussions regarding a possible settlement [with Respondent]."  ECF No. 46.  Petitioner also stated that she "[would] retain a lifecare planner . . . [and would move] to amend the [p]etition, as the initial [p]etition was in an abbreviated format." *Id*.

Petitioner filed an amended petition on April 4, 2018.  Am. Pet., ECF No. 50.  Petitioner reiterated that she suffers from GBS and CIDP, *id.* at 1, but added that she also suffers from "quadriparesis, quadriplegia, severe peripheral neuropathy, paraplegia, rhabdomyolysis, myopathy, urinary incontinence, and respiratory failure[]" as a result of the flu vaccines she received on December 3, 2014 and on October 12, 2015.  *Id*.

Over the next seven months, the parties retained life care planners who interviewed Petitioner and performed site visits at Petitioner's home to calculate the parties' respective life care plans.  *See* ECF Nos. 52, 55–56, 60, 63–64, 69.  On December 19, 2018, Petitioner indicated that she had "relayed a [life care] demand to Respondent [who had not yet responded.]"  ECF No. 72.

On December 21, 2018, Petitioner filed a motion for IAFC for the work performed so far by her counsel.  Pet'r's Mot. for IAFC.  Specifically, Petitioner stated that her counsel "ha[d] [worked] on this case for almost three years since [being] retained on December 22, 2015."  *Id*. at 4.  Petitioner also argued that "this case is protracted, having been filed over a year and six months ago . . . involv[ing] costly expenses . . . [and] . . . undue hardship [because] significant work ha[d] been performed and expenses ha[d] been incurred in this case to date."  *Id*. at 1–2.  Petitioner requested $75,279.50 in attorneys' fees and $25,040.11 in costs, totaling $100,319.61.  *Id*. at 6.  On February 8, 2019, Respondent filed his response in which he stated that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2, ECF No. 77.  Respondent requested that I "exercise [my] discretion and determine a reasonable award for attorney[s'] fees and costs."  *Id*. at 3.  Petitioner did not file a reply.  This matter is now ripe for adjudication.

## II.   Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1).  Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim . . . ." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

To date, Petitioner's counsel has worked on this case for more than three years and has requested over $100,000 in fees and costs. *See* Pet'r's Mot. IAFC at 4, 6. As has been held previously in the Vaccine Program, "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III. Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Avera*, 515 F.3d at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18–19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17.

The *McCulloch* rates have been updated for subsequent years and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

### a. Hourly Rates

Petitioner requests the following rates of compensation for the work of four attorneys at the Law Office of Bruce W. Slane, P.C.:

- Bruce William Slane:[3]
   o 2015 – $300 & $145 paralegal rate
   o 2016 – $325 & $145 paralegal rate
   o 2017 – $335 & $148 paralegal rate
   o 2018 – $345, $172.50 travel rate, & $153 paralegal rate

- Jimmy Zgheib:[4]
   o 2016 – $215 & $145 paralegal rate
   o 2017 – $225

- AnnMarie Sayad:[5]
   o 2016 – $215 & $145 paralegal rate

- Christian Martinez:[6]
   o 2016 – $145 paralegal rate
   o 2017 – $200 & $145 paralegal rate
   o 2018 – $200

Petitioner also requests the following rates of compensation for the work of seven paralegals at the Law Office of Bruce W. Slane, P.C.:

- Paralegal Work (Juliana Valazquez, Andrew Restivo, Paul Segal, Donna Connell, Hannah O'Reilly, Veronika Tadros, Letisya Tekiroglu):[7]
   o 2016 – $140
   o 2017 – $140
   o 2018 – $140 & $145

The Law Office of Bruce W. Slane is located in White Plains, New York, within the New York City metropolitan region. The office's requested rates are in line with the *McCulloch* rates and are consistent with the rates that have been awarded to the office in previous cases. *See Sotirhos v. Sec'y of Health & Human Servs.*, No. 17-290V, 2019 WL 410350, at *2 (Fed. Cl. Spec. Mstr. Jan. 16, 2019); *Grant v. Sec'y of Health & Human Servs.*, No. 16-1446V, 2018 WL

---

[3]Pet'r's Mot. for IAFC, Tab. A at 47.
[4] *Id*.
[5] *Id.*
[6] *Id*.
[7] *Id*.

4

5832137, at *4 (Fed. Cl. Spec. Mstr. Sept. 18, 2018).  I agree and find Petitioner's requested rates reasonable and award them for the work performed by Petitioner's counsel.

### b.  Reduction of Billable Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation."  *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  In total, Petitioner requests compensation for 79.5 hours expended by Mr. Slane, 7.8 hours expended by Mr. Zgheib, 14.7 hours expended by Ms. Sayad, 49.2 hours expended by Mr. Martinez, 4.9 hours expended by Ms. Valazquez, 31.5 hours expended by Mr. Restivo, 200.1 hours expended by Mr. Segal, 12.0 hours expended by Ms. Connell, 33.3 hours expended by Ms. O'Reilly, 1.2 hours expended by Ms. Tadros, and 0.3 hours expended by Ms. Tekiroglu.

After a careful review of Petitioner's interim attorneys' fees and costs motion, I find that a reduction in Petitioner's fee award is warranted.  In making reductions, a line-by-line evaluation of the fee application is not required.  *Broekelschen v. Sec'y of Health and Human Servs.*, 102 Fed. Cl. 719, 729 (2011); *see also Wasson v. Sec'y of Health and Human Servs.*, 24 Cl. Ct. 482, 484 (1991).  Rather, special masters may "'render a decision based on general guidelines as to a reasonable fee[]'" in the context of the Vaccine Program and of this case in particular.  *Wasson*, 24 Cl. Ct. at 484.  The reductions fall into three categories which I will discuss in detail below: billing for clerical or administrative work, billing paralegal time at attorney rates, and excessive and redundant billing entries.

### i.  Clerical and Administrative Work

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates.").  Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge."  *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); *see also Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature.  Examples include scheduling status conferences . . . preparing compact discs . . . and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" . . . are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Here, the billing records of Mr. Slane, Mr. Zgheib, and Mr. Martinez contain entries detailing clerical and administrative work. For example, Mr. Slane and Mr. Martinez both billed time for calendaring deadlines and reviewing invoices. *See, e.g.*, Pet'r's Mot. for IAFC, Tab. A at 20, 32, 36, 42–44. Mr. Slane also billed time for filing documents through CM/ECF and reviewing routine court orders—activities that are routine clerical tasks and that are not compensable in the Vaccine Program. *See, e.g.*, *id*. at 12, 16, 23, 36, 45; *Rochester*, 18 Cl. Ct. at 387; *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). Further, Mr. Slane billed time for making travel arrangements such as "booking [a] travel car" and "booking [a] hotel." Pet'r's Mot. for IAFC, Tab A at 33. Mr. Zgheib also billed time for preparing compact discs. *See id*. at 3. These costs are not compensable in the Vaccine Program.

Additionally, the paralegals' billing records contain numerous entries that are clerical and administrative in nature. Specifically, the entries of Mr. Segal, Ms. Connell, and Ms. O'Reilly include filing documents on CM/ECF, reviewing routine court orders, and receiving records. *See, e.g.*, *id*. at 14–15, 21, 45. Mr. Segal billed more than 6 hours for filing documents on CM/ECF, *see, e.g.*, *id*. at 23, 30–32, 40–42, and Ms. Connell billed more than 5 hours reviewing routine court orders. *See, e.g.*, *id.* at 14–17, 29, 37, 41. At least 27 hours of Petitioner's billable hours are best characterized as clerical and administrative work, and I find that this supports a reduction in attorneys' fees by that amount.

### ii. Paralegal Time

Attorneys in the Vaccine Program are permitted to perform and bill for paralegal-level work, but such work must be billed at a rate that is comparable to what a paralegal would be paid for performing the same task. *Doe ex rel. Estate of Doe v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 419 U.S. 274, 288 (1989)) ("[T]he rate at which [certain] work is compensated turns not on who ultimately performed the task but instead on the nature of the task performed."). Paralegal tasks include routine letter-writing, medical record requests and authorizations, preparation of exhibits for filing, organization of medical records, and preparation of routine filings. *Id*. (citing *Scoutto v. Sec'y of Health & Human Servs.*, No. 90-3576V, 1997 WL 588954, *2 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Barnes v. Sec'y of Health & Human Servs.*, No. 90-1101V, 1999 WL 797468, *4 (Fed. Cl. Spec. Mstr. Sept. 17, 1999); *Rupert v. Sec'y of Health & Human Servs.*, No. 99-774V, 2002 WL 360005, *5 (Fed. Cl. Spec. Mstr. Feb. 14, 2002), *remanded on other grounds*, 52 Fed. Cl. 684 (2002)).

Here, although the office's attorneys billed at attorney rates for most of the work performed, the billing entries reveal that some of their work was in fact paralegal in nature. For instance, Mr. Slane billed 1.1 hours for transmitting medical record requests to providers in 2016 and 2017. *See* Pet'r's Mot. for IAFC, Tab A at 6, 11–12, 19–20. Also in 2016, Ms. Sayad billed hours for requesting medical records. *Id*. at 5. Mr. Slane billed 1.9 hours for preparing routine filings such as subpoenas and motions for extensions of time, which are routine court filings. *See, e.g.*, *id*. at 11, 21–23. Mr. Martinez billed hours to "[d]raft [a] declaration in lieu of general order 9 statement[,]" a routine court filing. *Id*. at 44. Additionally, Mr. Zgheib billed 1.5 hours for "combining & Bates numbering United Regional records" and "Bates numbering Healthsouth

6

records[.]" *Id*. at 8.  At least 5.5 hours of Petitioner's entries reflect paralegal work billed at attorneys' rates, and I therefore find that a reduction in Petitioner's requested fees is warranted.

### iii.    Excessive & Redundant Entries

"Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).  I find the overbilling by Mr. Segal and the office's paralegals on multiple tasks troubling.  For instance, 25.4 hours that Mr. Segal billed for drafting one medical records summary is excessive.  *See, e.g.*, Pet'r's Mot. for IAFC, Tab A at 24.  Further, Ms. Sayad and Mr. Slane both billed for time drafting and reviewing the same documents, including a retainer agreement.  *Id*. at 2.  And Mr. Slane and Mr. Restivo billed time for researching and reviewing the same medical records.  *Id*. at 7.  Mr. Slane and two of the office's paralegals all "receive[d] and review[ed] life care plan[s.]" *Id*. at 41–42.

Additionally, Mr. Slane, Ms. Sayad, and Mr. Zgheib, together with their paralegals, also billed more than four hours for intraoffice communications, including "case meetings" with each other giving instructions, which are not compensable in the Vaccine Program.  *See, e.g.*, *id*. at 2, 4–8, 34; *see also Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2017) (finding the billing pattern for intraoffice meetings and e-mails "disturbing").  At least 6 hours of Petitioner's entries reflect excessive or redundant billing and I therefore find that a reduction in Petitioner's fees is appropriate.

### iv.    Total Reduction

For all these reasons discussed above, I will reduce the amount of attorneys' fees award by ten percent.  Because Petitioner requested $75,279.50 in attorneys' fees, this results in a reduction of **$7,527.95**.[8]

### A.   Interim Costs

The Vaccine Act also permits an award of reasonable costs. 42 U.S.C. § 300aa-15(e). Like attorneys' fees, a request for reimbursement of interim attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  Petitioner requests a total of $25,040.11 in attorneys' costs.  This amount comprises costs related to travel, obtaining medical records, postage, and retaining a lifecare planner.  *See* Pet'r's Mot. for IAFC Tab A at 47–49.  All the costs appear reasonable in my experience and Petitioner has provided adequate documentation for them.  Petitioner is thus entitled to the full amount of costs sought.

## IV.    Conclusion

Based on the above, I find that Petitioner is entitled to the following award of reasonable interim attorneys' fees and costs:

---

[8] $75,279.50 * 0.10 = $7,527.95.

| Interim Attorneys' Fees Requested in Motion | $75,279.50 |
|---|---|
| (Reduction to Attorney Hours) | - $7,527.95 |
| **Interim Attorneys' Fees Awarded** | **$67,751.55** |
| | |
| Interim Costs Requested | $25,040.11 |
| **Interim Costs Awarded** | **$25,040.11** |
| **Total Amount Awarded** | **$92,791.66** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for interim attorneys' fees and costs, other than those reductions indicated above, is reasonable and should be awarded at this time.  Accordingly, I hereby award **a total of $92,791.66 to be issued in the form of:**

> **A lump sum in the amount of $92,791.66**, representing reimbursement for interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioners' counsel, the Law Office of Bruce W. Slane, P.C.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[9] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).