# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 18, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LISA KNAPP, | * | No. 17-764V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Bruce W. Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner;
Sarah C. Duncan, United States Dep't of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

      On June 8, 2017, Lisa Knapp ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the influenza vaccines she received on December 3, 2014, and October 12, 2015, caused her to develop Guillain-Barré syndrome, chronic inflammatory demyelinating polyneuropathy, quadriparesis, quadriplegia, severe peripheral neuropathy, paraplegia, rhabdomyolysis, myopathy, urinary incontinence, and respiratory failure. On December 10, 2019,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the parties filed a stipulation for award, which the undersigned adopted as her decision awarding compensation on December 11, 2019. ECF No. 98.

On April 30, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 103 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $12,929.42, representing $12,837.40 in attorneys' fees and $92.02 in attorneys' costs. Fees App. at 2.[3] Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out of pocket costs. *Id.* Respondent responded to the motion on May 1, 2020, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 104. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges

---

[3] Petitioner was previously awarded interim attorneys' fees and costs in the amount of $92,791.66 on August 9, 2019.

for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Bruce Slane, $355.00 per hour for work performed in 2019 and $365.00 per hour for work performed in 2020; and for Mr. Christian Martinez, $215.00 per hour for work performed in 2019 and $225.00 per hour for work performed in 2020. Fees App. Ex. 1 at 17. These hourly rates are consistent with what Mr. Slane and Mr. Martinez have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds that a small reduction is necessary. First, paralegals billed time on administrative tasks, such as filing documents and reviewing CMECF notifications for documents they just filed. Second, many of the entries for communication, such as e-mails and phone calls, do not contain enough specificity to allow the undersigned to determine their reasonableness. Such entries should contain a brief description of the nature of the communication.

For these reasons, the undersigned finds that five percent reduction to the requested attorneys' fees is reasonable. This results in a reduction of $641.87. Petitioner is therefore awarded final attorneys' fees of $12,195.53.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $92.02 in attorneys' costs for postage. Fees App. Ex. 2. Petitioner has provided adequate documentation of all these expenses and they appear reasonable. Petitioner is therefore awarded the full amount of costs sought.

### II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $12,837.40 |
| (Reduction to Fees) | - ($641.87) |
| **Total Attorneys' Fees Awarded** | **$12,195.53** |
| | |
| Attorneys' Costs Requested | $92.02 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$92.02** |
| | |
| **Total Attorneys' Fees and Costs** | **$12,287.55** |

**Accordingly, the undersigned awards a lump sum in the amount of $12,287.55, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Bruce Slane.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.